THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| LANCE P. MCDERMOTT, | CASE NO. C19-0714-JCC |
| Plaintiff, | ORDER |
| v. | |
| MEGAN BRENNAN, United States Postmaster General, and UNITED STATES POSTAL SERVICE, | |
| Defendants. | |

This matter comes before the Court on Defendants' motion to dismiss (Dkt. No. 26). Having considered the parties' briefing[1] and the relevant record, the Court hereby GRANTS the motion for the reasons explained herein.

## I. BACKGROUND

Plaintiff is a former employee of Defendant United States Postal Service ("USPS"). (*See* Dkt. No. 1-1 at 6.) Because Plaintiff is partially colorblind, USPS allegedly restricted the work Plaintiff could do. (*See id.* at 11.) Plaintiff claims that he asked his manager to remove those restrictions, but his manager denied the request on March 6, 2017, causing Plaintiff to lose

---

[1] The Court hereby GRANTS Plaintiff's motion for an extension of time to file a response to Defendant's motion to dismiss (Dkt. No. 17). The Court will consider Plaintiff's response in ruling on Defendants' motion.

ORDER
C19-0714-JCC
PAGE - 1

overtime. (*See id.* at 23.) Plaintiff also alleges that in April 2017, Plaintiff's manager picked Plaintiff to paint parking lots in retaliation for a complaint Plaintiff filed in December 2012 about the hostile environment at his work. (*See id.*) While painting on July 20, 2017, Plaintiff allegedly injured his back. (*See id.*)

On August 14, 2017, Plaintiff submitted a request for pre-complaint counseling with the Equal Employment Opportunity Commission ("EEOC") about the two incidents in March and April 2017. (*Id.* at 23.) The EEOC concluded that Plaintiff's request was untimely. (*See id.* at 15–16.) Consequently, the EEOC dismissed Plaintiff's complaint on August 24, 2018. (*See id.*)

On November 19, 2018, Plaintiff filed a "Request for Judicial Review" of the EEOC's decision in King County Superior Court. (*Id.* at 3.) Defendants subsequently removed the case, (Dkt. No. 1 at 2), and they now move to dismiss on the basis that Plaintiff submitted his request for pre-complaint counseling more than 45 days after the alleged discrimination occurred. (*See* Dkt. No. 26 at 6–7.)

## II. DISCUSSION

Federal anti-discrimination laws[2] require claimants to follow an array of "claim-processing rules" prior to filing suit. *See Fort Bend County v. Davis*, 139 S. Ct. 1843, 1846 (2019); 29 C.F.R. §§ 1614.104–110. One of those rules is that "[a]n aggrieved person must initiate contact with a Counselor within 45 days of the date of the matter alleged to be discriminatory." 29 C.F.R. § 1614.105(a)(1). To determine when the 45-day clock began to run,

---

[2] Defendants assume that Plaintiff raises claims under Title VII. (*See* Dkt. No. 26 at 3) (citing Dkt. No. 1-1 at 8–9). However, Plaintiff alleges that USPS discriminated against him because of his colorblindness and retaliated against him because he filed a complaint about how USPS was treating him due to his colorblindness and bad back. (*See* Dkt. No. 1-1 at 9.) These allegations appear to be claims under the Americans with Disabilities Act, not Title VII. *See* 42 U.S.C. §§ 12112(a) ("No covered entity shall discriminate against a qualified individual on the basis of disability . . . ."), 12203(a) ("No person shall discriminate against any individual because such individual opposed any act or practice made unlawful by this chapter . . . ."). That said, the basis for Plaintiff's claims is not material to the Court's decision because the pre-complaint processing rules are the same for the ADA and for Title VII. *See* 29 C.F.R. § 1614.105(a).

a court must look to "the time of the *discriminatory acts*, not . . . the time at which the *consequences* of the acts became most painful." *Del. State Coll. v. Ricks*, 449 U.S. 250, 257 (1980) (emphasis in original) (quoting *Abramson v. Univ. of Hawaii*, 594 F.2d 202, 209 (1979)); *Branch v. McDonald*, 2015 WL 7874763, slip op. at 6–7 (N.D. Cal. 2015) (measuring 45-day time period from the day an employer denied an employee's request for an accommodation instead of from the day the employee was forced to retire). If a claimant does not contact a counselor within 45 days of the alleged discriminatory acts, then a court must ordinarily dismiss any subsequent lawsuit.[3] *See Cherosky v. Henderson*, 330 F.3d 1243, 1245 (9th Cir. 2003).

In this case, Plaintiff did not file his request for pre-complaint counseling within 45 days of the two discriminatory acts that he alleges. The first act occurred on March 6, 2017, when Plaintiff's manager allegedly denied Plaintiff's request to remove his work restrictions. (*See* Dkt. No. 1-1 at 23). The second act occurred in April 2017 when Plaintiff's manager allegedly assigned Plaintiff to the menial task of painting parking lots. (*See id.*) Yet, Plaintiff did not request counseling regarding either act until August 14, 2017. (*See id.*) Plaintiff's request was, therefore, untimely.

Plaintiff disagrees, arguing that the date of the second act should be measured from when he injured his back. (*See* Dkt. No. 27 at 10.) However, Plaintiff's back injury is merely a consequence of his manager's alleged retaliatory decision to assign Plaintiff to paint parking lots. The 45-day clock therefore began running on the date of the alleged retaliation, not the date at which the consequences of that retaliation became most painful. *See Ricks*, 449 U.S. at 257; *Branch*, 2015 WL 7874763, slip op. at 6–7. Because the alleged retaliation occurred more than 45 days before Plaintiff filed his request for pre-complaint counseling, (*see* Dkt. No. 1-1 at 23),

---

[3] The Ninth Circuit has long held that the time limit for contacting an EEO counselor functions "as a statute of limitations and is subject to waiver, estoppel and equitable tolling." *Boyd v. U.S. Postal Serv.*, 752 F.2d 410, 415 (9th Cir. 1985). In addition, 29 C.F.R. § 1614.105(a)(2) lists circumstances in which the 45-day time limit can be extended. However, Plaintiff does not argue that waiver, estoppel, equitable tolling, or any of the other exceptions listed in 29 C.F.R. § 1614.105(a)(2) apply. (*See generally* Dkt. No. 27.)

his request was untimely, 29 C.F.R. § 1614.105(a)(1).

## III. CONCLUSION

For the foregoing reasons, the Court GRANTS Plaintiff's motion for an extension of time (Dkt. No. 17), GRANTS Defendants' motion to dismiss (Dkt. No. 26), and DISMISSES Plaintiff's complaint with prejudice. The Court also DENIES as moot Plaintiff's motions to consolidate cases (Dkt. No. 21, 38), motion to amend (Dkt. No. 22), motion for default judgment (Dkt. No. 28), and motion for joinder (Dkt. No. 29).

DATED this 13th day of April 2020.

John C. Coughenour
UNITED STATES DISTRICT JUDGE